UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MARIA ACOSTA,

                              Plaintiff,                      CIVIL ACTION NO.

                     -against-

                                                             COMPLAINT

THE PARKSIDE GROUP LLC and HARRY GIANNOULIS,

                            Defendants.
-------------------------------------------------------------------------------X

Plaintiff Maria Acosta ("Plaintiff" or "Acosta"), by her attorneys, Katz Melinger PLLC, complaining of the defendants, The Parkside Group LLC ("TPG") and Harry Giannoulis ("Giannoulis") (collectively, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.14.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff Maria Acosta is an individual residing in the state of New York.

6. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

7. Defendant TPG is a New York limited liability company with its principal place of business located at 132 Nassau Street, Suite 400, New York, New York 10038.

8. At all relevant times, Defendant TPG has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

9. TPG is a covered employer within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

10. At all relevant times, Defendant Giannoulis was and is the President of TPG.

11. At all relevant times, Giannoulis was and is a senior management level employee of TPG who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

12. The acts of TPG charged in this Complaint were authorized, directed, or accomplished by Defendant Giannoulis individually or jointly, by himself or his agents, officers, employees, or representatives, while actively engaged in the management of TPG's business.

13. All Defendants are subject to suit under the statutes alleged above.

## IV. Factual Allegations

14. Defendant TPG is a lobbying firm that provides public relations, advertising, government affairs, campaign management, and grassroots advocacy services in New York.

15. Plaintiff was employed with TPG as an Executive Assistant from on or about November 2, 2004 until on or about September 9, 2016.

16. As Executive Assistant, Acosta worked directly for Defendant Giannoulis and provided him with various administrative support services, including writing checks to vendors, sending out monthly invoices to clients, inputting data into QuickBooks, and registering clients online with state and city government agencies.

17. Acosta's job duties also consisted of ordering food and supplies for the office, sending and receiving packages, scheduling appointments, and sending and managing emails and other correspondence.

18. Acosta's primary job duties did not require her to exercise independent discretion or judgment with respect to matters of significance to Defendants' business.

19. As a result, Acosta was a non-exempt employee under the FLSA and NYLL who was entitled to overtime compensation at a rate of one and one-half her regular hourly rate for all hours worked over forty per week.

20. Throughout her employment, Acosta regularly worked five days per week, Monday through Friday, from approximately 8:45 a.m. to 5:30 p.m., for a total of approximately 43.75 hours per week.

21. Throughout her employment, Acosta was not permitted to take lunch breaks.

22. Additionally, at least four or five times per month, Acosta was required to stay at the office until approximately 6:15 p.m. to wait for Giannoulis to sign checks that Acosta had prepared to pay rent, insurance, vendors, and other business expenses.

23. Approximately five or six times since in or around 2010, Acosta worked until 9:00 p.m. or 10:00 p.m. to assist with fundraisers for campaigns during election season.

24. Before and after each fundraising event, Acosta would prepare checks to pay the caterers, help set up the bar, and assist with clean up, and she would also speak to and mingle with guests during each event.

25. Although Acosta was a non-exempt employee who regularly worked more than forty hours per week, she was not paid one and one-half times her regular rate of pay for every hour worked in excess of forty per week.

26. Instead, Defendants paid Acosta a fixed annual salary regardless of how many hours she worked.

27. Acosta earned approximately $35,000 per year at the start of her employment, which increased to approximately $58,000 per year at the end of Acosta's employment with Defendants.

28. Defendants did not track or otherwise record the hours Acosta worked.

29. Acosta did not receive a notice at the time of hire, or at any time thereafter, containing her rates of pay and the designated payday, or any other information required by NYLL § 195(1).

30. Defendants further failed to furnish to Acosta with each wage payment a statement listing her regular and overtime rate of pay, the number of regular and overtime hours she worked, gross wages, deductions, and any other information required by NYLL § 195(3).

## AS AND FOR A FIRST CAUSE OF ACTION
(Overtime Violations under the FLSA)

31. Plaintiff repeats and realleges all prior allegations set forth above.

32. Pursuant to the applicable provisions of FLSA 29 U.S.C. § 207, Plaintiff was entitled to overtime compensation of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty per week.

33. Throughout the relevant time period, Plaintiff regularly worked in excess of forty hours per week for Defendants.

34. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for each hour worked in excess of forty hours in a workweek.

35. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

36. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

37. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
(Overtime Violations under the NYLL)

38. Plaintiff repeats and realleges all prior allegations set forth above.

39. Pursuant to the applicable provisions of NYLL §§ 190 *et seq.* and 650 *et seq.*, and 12 NYCRR § 142-2.2, Plaintiff was entitled to overtime compensation at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty per week.

40. Plaintiff regularly worked in excess of forty hours per week during her employment with Defendants.

41. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular rate for each hour worked in excess of forty in a workweek.

42. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

43. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

44. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Provide Payroll Notices Under the NYLL)

45. Plaintiff repeats and realleges all prior allegations.

46. Defendants failed to furnish to Plaintiff at the start of her employment, or at any time thereafter, a notice containing her rate or rates of pay and basis thereof; allowances, if any,

claimed as part of the minimum wage; the regular pay day designated by Defendants; and anything otherwise required by NYLL § 195(1).

47. As Defendants failed to provide Plaintiff with a notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Provide Wage Statements Under the NYLL)

48. Plaintiff repeats and realleges all prior allegations.

49. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing Plaintiff's rate or rates of pay and basis thereof; regular hourly rate or rates of pay; overtime rate or rates of pay; number of regular hours worked and number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

50. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff prays for relief as follows:

   a) on the First Cause of Action, for all overtime wages due to Plaintiff, an additional award of one hundred percent of all wages due, and reasonable attorneys' fees;

   b) on the Second Cause of Action for all overtime wages due, an additional award of one hundred percent of all wages due to Plaintiff, and all reasonable attorneys' fees;

c) on the Third Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees;

d) on the Fourth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees;

e) Interest;

f) Costs and disbursements; and

g) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 20, 2017

*/s/ Adam Sackowitz*
Adam Sackowitz
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
ajsackowitz@katzmelinger.com